UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER KLEIN, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:16CV01638 |
| CREDIT PROTECTION ASSOCIATION, LP, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

The putative class action is before the Court on the motion of Defendant Credit Protection Association, LP, to dismiss Plaintiff Christopher Klein's amended complaint, in which Plaintiff alleges that Defendant, a debt collector, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.* For the reasons set forth below, the motion will be granted.

## BACKGROUND

Plaintiff alleges in his amended complaint that he obtained a credit report that included a debt of $104 that originated with Bright House Networks and that was "apparently owned or in collections with the Defendant." The report listed Defendant with a contact number of (972) 233-9614. Plaintiff alleges that he did not believe the debt was outstanding and wanted more information about it, and so on September 7, 2016, he called Defendant's contact number. During the phone call, he received a pre-recorded message from Defendant stating that "if the caller was seeking to speak with a collection specialist regarding a collection or credit bureau account, the caller should hang up and call 1-877-332-2342." After hanging up, Plaintiff dialed

number 1-877-332-2432, and according to Plaintiff, "was subjected to a surprise attempt by the Defendant to collect the alleged debt."

Plaintiff claims that by "soliciting" him and other putative class members in the pre-recorded message to call Defendant's collections specialist, so that Defendant could continue collection efforts on the debt, without disclosing in the pre-recorded message that the message was from a debt collector in an attempt to collect a debt, Defendant violated § 1692e(11) of the FDCPA. Section 1692e(11) requires a debt collector to disclose in an initial "communication" with a consumer that the debt collector "is attempting to collect a debt and that any information obtained will be used for that purpose . . . ." and in subsequent communications, that the communication is from a debt collector. 15 U.S.C. § 1692e(11).

Defendant argues that Plaintiff fails to state a claim because the pre-recorded message, which was in response to Plaintiff's call, was not a "communication" as defined in the FDCPA, and was not made in an attempt "to collect a debt." Defendant argues that use of the word "if" in the pre-recorded message expresses that the recipient of the message does not necessarily have a debt. Therefore, the message was not specific to Plaintiff's debt. Defendant further argues that § 1692e(11) does not apply to the pre-recorded message because Plaintiff initiated the call to Defendant. In the alternative, Defendant argues that given the allegation in the amended complaint that the credit report showed that the debt in question was owned by or in collection with Defendant, any failure to disclose that Plaintiff was calling a debt collector was immaterial and therefore not actionable. Plaintiff responds that Defendant's pre-recorded message, which sought to induce Plaintiff's payment, was a "communication . . . attempting to collect a debt," as those terms are defined by the FDCPA. Plaintiff also argues that § 1692e(11) violations are always material.

**DISCUSSION**

For a plaintiff to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but the court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.*; *Retro Television Network, Inc. v. Luken Comm'cns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). The reviewing court must further evaluate the complaint as a "whole" to determine whether each allegation is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

The preamble of § 1692e states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The FDCPA is designed to protect consumers from abusive debt collection practices such as the use or threat of violence, obscene language, publication of shame lists, and harassing telephone calls." *Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, (8th Cir. 2006). "The FDCPA defines "communication" very broadly as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692(a)(2)). When evaluating an alleged violation of the FDCPA, courts are to consider the perspective of an "unsophisticated consumer." *Volden v. Innovative Fin. Sys., Inc*., 440 F.3d 947, 955 (8th Cir. 2006).

Courts hold that the disclosure requirements of § 1692a(11) do not apply when, as here, the consumer initiates communication with a party an unsophisticated consumer would have

known was a debt collector. *See Biggs v. Credit Collections, Inc.,* No. CIV-07-0053-F, 2007 WL 4034997, at *3 (W.D. Okla. Nov. 15, 2007) ("Although the purposes of the Act require a liberal construction of § 1162e(11) so as to protect the least sophisticated consumer, that purpose does not require patently unnecessary identification in subsequent communications when there are facts to suggest (as the transcript does here) that the consumer placed the call knowing who he was calling and understanding that he was speaking with a debt collector regarding debt collection"); *see also Grambart v. Global Payments Check Recovery Servs., Inc.*, Civil No. 10-4399 DSD/JJK, 2011 WL 124230, at *2 (D. Minn. Jan. 14, 2011) ("Such communication, initiated by the debtor, is not covered by [§ 1692e(11) of] the FDCPA."); *Gorham-Dimaggio v. Countrywide Home Loans, Inc.*, No. 1:05-CV-0583, 2005 WL 2098068, at *2 (N.D.N.Y. Aug. 30, 2005) ("Upon reviewing a large selection of cases discussing § 1692e(11), it appears that the purpose of § 1692 is to ensure that communications *initiated by the debt collector* (not the consumer) are not abusive, deceptive, or unfair.") (citing cases).

Here, As Defendant argues, Plaintiff's own allegations in the amended complaint state that the credit report showed the debt in question was owned by or in collection with Defendant. Thus, when Plaintiff placed the first call, he knew, as a matter of law, that he was calling a debt collector. Plaintiff, of his own volition, chose to call the second number to speak with a collection specialist. He does not allege that the FDCA was violated during the second call he made. The Court was unable to find (and Plaintiff has not identified) any cases suggesting that a pre-recorded message such as the one alleged here, in response to a call initiated by the consumer to a debt collector, implicated § 1692e(11).

## **CONCLUSION**

Accordingly,

4

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Plaintiff's amended complaint for failure to state a claim is **GRANTED**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of February 2017.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE